



## MEMORANDUM OPINION

No. 04-12-00281-CV

**IN THE INTEREST OF J.F.R. Jr.,** et al., Children

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2010-PA-02156
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:        Catherine Stone, Chief Justice
                Rebecca Simmons, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  August 22, 2012

AFFIRMED

This is an appeal of the trial court's order terminating appellant Juan's parental rights to

his children, J.F.R., Jr. and S.A.R.[1]  We affirm

### PROCEDURAL BACKGROUND

The Texas Department of Family and Protective Services ("the Department") sought

termination of Juan's rights to J.F.R. Jr. and S.A.R.  At the conclusion of a three-day termination

hearing, the trial court terminated Juan's parental rights, finding that it was in the children's best

interest and that Juan: (1) engaged in conduct or knowingly placed the children with persons who

engaged in conduct which endangered the physical or emotional well-being of the children; (2)

---

[1] To protect the privacy of the parties in this case, we identify the children by their initials and the child's father by
his first name only.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2012).

constructively abandoned the children because even though the Department made reasonable efforts to return the children, Juan did not regularly visit or maintain significant contact with the children and failed to demonstrate an ability to provide the children with a safe environment; and (3) failed to comply with a court order that established the actions necessary for Juan to gain custody of the children. *See* TEX. FAM. CODE ANN. § 161.001(1)(D),(N),(O) (West Supp. 2012).

Although Juan raises six issues on appeal, they can be broadly categorized as follows: (1) trial counsel failed to provide effective assistance of counsel; and (2) the evidence is legally and factually insufficient to support the trial court's judgment. In response, the State contends Juan's rights were terminated because he knowingly placed the children in danger of physical or emotional harm, constructively abandoned the children, and failed to comply with the court orders.

**ANALYSIS**

Parental rights may be terminated only upon proof by clear and convincing evidence that the parent has committed an act prohibited by section 161.001(1) of the Texas Family Code ("the Code"), and that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(1), (2) (West Supp. 2012); *In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009). The Department must establish both elements, not just that termination is in the best interests of the child. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987); *In re D.T.*, 34 S.W.3d 625, 629 (Tex. App.—Fort Worth 2000, pet. denied). Clear and convincing evidence is "proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2008); *see also In re J.O.A.*, 283 S.W.3d at 344. "[T]he appellate standard for reviewing termination

findings is whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002).

### *Ineffective Assistance of Counsel*

Juan asserts his trial counsel failed to provide effective assistance in several different ways: (1) failed to appear the first day of trial; (2) failed to properly cross-examine the Department's witnesses; (3) failed to conduct a proper inquiry into the case prepared by the Department; (4) allowed a lay witness to testify as an expert through improper opinion testimony; (5) failed to sufficiently prepare Juan in order to present a meritorious case; and (6) failed to conduct a proper inquiry and as a result, failed to obtain a statement from a licensed therapist who would have testified favorably for Juan.

The Texas Supreme Court has adopted the *Strickland v. Washington*, 466 U.S. 668 (1984), standard for appellate review of ineffective assistance of counsel claims in parental termination cases. *In re M.S.*, 115 S.W.3d 534, 545 (Tex. 2003). Under *Strickland*'s two-prong test, the appellant must show by a preponderance of the evidence that: (1) counsel's representation fell below the objective standard of prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *In re J.O.A.*, 283 S.W.3d at 342; *In re M.S.*, 115 S.W.3d at 545. The deficient performance must be "so serious as to deprive the defendant of a fair trial." *Strickland*, 466 U.S. at 687.

A finding that counsel was ineffective, based on a silent record as to the reasons for counsel's conduct, generally requires impermissible speculation by the appellate court. *Stults v. State*, 23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). Absent specific explanations for counsel's decisions, a record on direct appeal will rarely contain sufficient

information to evaluate an ineffective assistance claim. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). We therefore afford great deference to counsel's actions because those actions may have been rooted in a planned strategy or a reasonable professional opinion. *In re M.S.*, 115 S.W.3d at 545.

Juan first complains his trial counsel did not appear for the first day of the hearing. This is, in fact, corroborated by the evidence. That being said, the only evidence taken during the first day of trial was some very preliminary questions of Leticia Escamilla, the Department's caseworker. Escamilla testified the Department's involvement began on September 28, 2010, when an investigator observed linear bruising on four-year-old J.F.R. Jr. The investigator also overheard Juan telling his son to tell the investigator the injuries were sustained from a fall off the chicken coop. The child responded he was going to tell the investigator the truth. Escamilla also testified that pictures of the child's injuries were examined by an expert and the Department determined the injuries were sustained by Juan whipping J.F.R. Jr. with a belt. The testimony was less than two pages in the reporter's record, and all of the same information was elicited without objection during the second and third days of trial. Even further, during Juan's testimony on the last day, he acknowledged the event about which Escamilla testified was true. Accordingly, assuming trial counsel's failure to appear at the hearing fell below the prevailing professional norms, Juan failed to provide any evidence to substantiate that but for trial counsel's deficiency, the result of the proceedings would have been different. *See Strickland*, 466 U.S. at 687. Accordingly, we overrule this allegation.

Juan's next complaints center on trial counsel's: (1) failure to cross-examine; (2) conduct a sufficient inquiry to understand the Department's allegations and case against Juan; (3) allowing a lay witness to testify as an expert; and (4) failing to properly prepare Juan for his

testimony. A review of the record shows Juan's trial counsel was involved in this case for quite some time. Moreover, trial counsel was involved in a prior mediation of the case and clearly understood the Department's allegations and the actions they were seeking from Juan. The record also does not support Juan's claims that trial counsel allowed a lay witness to testify as an expert. Without a record of counsel's trial strategy, we cannot say counsel's actions were not part of a larger strategy for Juan to acknowledge his previous errors, and seek another chance from the trial court. As such, we overrule these allegations of ineffective assistance of counsel.

Finally, Juan argues that had trial counsel properly investigated the case, he would have located a licensed therapist. As evidence of this complaint, Juan points to an affidavit that is neither contained within the record, nor incorporated into his brief. In a termination appeal, as in all appeals, an appellate court is bound by the record before it and may not grant relief when the evidence relied upon to support an argument was not presented to the trial court. *See In re V.V.*, 349 S.W.3d 548, 600 n.25 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). Because the affidavit Juan referenced is not in the appellate record, we overrule this allegation of ineffective assistance of counsel.

### *Legal and Factual Sufficiency*

Juan next argues that the evidence is legally and factually insufficient to support the trial court's judgment.

In a legal sufficiency review, an appellate court views the evidence in a light most favorable to the judgment, giving appropriate deference to the factfinder's conclusions. *In re J.O.A.*, 283 S.W.3d at 344. We "must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *Id.* (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)). Importantly, the evidence is viewed in the light most favorable to the finding

and judgment, and all evidence a reasonable fact-finder could have reasonably disbelieved is disregarded. *Id.*

In reviewing the evidence for factual sufficiency, we give due deference to the fact-finder's findings and do not supplant the judgment with our own. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). If, in light of the entire record, the disputed evidence that a reasonable fact-finder could not have credited in favor of the finding is so significant that a fact-finder could not reasonably have formed a firm belief or conviction in the truth of its finding, then the evidence is factually insufficient. *In re H.R.M.*, 209 S.W.3d at 108. It is the appellate court's role to determine whether the evidence is such that a fact-finder could reasonably form a firm belief or conviction that the grounds for termination were proven. *In re J.O.A.*, 283 S.W.3d at 344. We will sustain a factual sufficiency challenge only if the evidence is so weak or the finding "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *In re C.H.*, 89 S.W.3d at 24–25; *In re Guardianship of C.E.M.-K.*, 341 S.W.3d 68, 81 (Tex. App.—San Antonio 2011, pet. denied).

The trial court terminated Juan's parental rights because it was in the children's best interest and Juan (1) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children; (2) constructively abandoned the children because even though the Department made reasonable efforts to return the children, Juan did not regularly visit or maintain significant contact with the children and failed to demonstrate an ability to provide for the children with a safe environment; and (3) failed to comply with a court order that established the actions necessary for Juan to gain custody of the children. To sustain a parental termination, an appellate court need only

substantiate one statutory ground was sufficiently proven before the trial court. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003).

We turn to whether Juan failed to comply "with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child[ren]." TEX. FAM. CODE ANN. § 161.001(1)(O) (West Supp. 2012). On February 16, 2012, after a mediation where Juan was present with counsel, the Department entered a permanency plan recommending that Juan: (1) complete an assessment with Carlos Castillo, one of Juan's court-ordered therapists, in order to determine whether Juan could reengage in therapy with Castillo or another therapist in an attempt to address the physical abuse of his son; (2) participate in anger management classes; (3) participate in domestic violence classes; (4) complete Empowerment classes; and (5) complete Parent Informing Parents classes.

Several witnesses were called during the hearings. Leticia Escamilla, the Department caseworker, and Carlos Castillo, both testified regarding Juan's failure to comply with the guidelines set out and his failure to admit his actions harmed his child. Castillo testified that although he believed that Juan "wanted help," Juan continued to deny and minimize the activities transpiring in the residence. Castillo also explained he knew of at least four therapists who had tried to work with Juan and had ultimately discharged him. On the third day of the hearing, Juan testified on his own behalf. During cross-examination from the children's attorney ad litem, Juan admitted that during the eighteen months the case had been pending, and during the sixty days after the mediation, he did not comply with the family plan or the mediated settlement agreement. More specifically, Juan acknowledged he failed to: (1) engage in individual therapy; (2) complete anger management classes; (3) complete a domestic violence course; (4) complete

the Parent Informing Parents course; (5) complete the Empowerment course; (6) provide proof of U.S. residency; or (7) provide proof of employment.

In light of the entire record, we conclude the evidence was both legally and factually sufficient to prove, by clear and convincing evidence, that Juan failed to comply with a court order that established the actions necessary for Juan to gain custody of the children in violation of section 106.001(1)(O). TEX. FAM. CODE ANN. § 161.001(O) (West Supp. 2012). Because we uphold this determination, we need not address the remaining grounds for termination set forth in the trial court's termination order. *See A.V.*, 113 S.W.3d at 362. Accordingly, we hold appellant did not raise a meritorious complaint about the insufficiency of the evidence.

## CONCLUSION

Because Juan failed to prove trial counsel's performance was both deficient and that any deficient performance was prejudicial to the defendant, we overrule his issues associated with trial counsel's ineffective assistance. Additionally, because the record overwhelmingly supports Juan's violation of section 161.001(1)(O) of the Family Code, we overrule his issues with regard to the sufficiency of the evidence. Accordingly, we affirm the trial court's judgment.

Marialyn Barnard, Justice